UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| TIMOTHY LYN WHITAKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:21-CV-163-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| KILOLO KIJAKAZI, ) | **ORDER** |
| COMMISSIONER OF SSA, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on Plaintiff Timothy Lyn Whitaker's Motion for Attorney Fees filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [R. 24]. Defendant Kilolo Kijakazi, Commissioner of the Social Security Administration ("the Commissioner"), responded, [R. 26], and Whitaker replied, [R. 27]. For the reasons stated herein, the Court will grant Whitaker's Motion in part and deny it in part.

**I.    Background**

On June 10, 2021, Whitaker filed his Complaint in this Court, seeking judicial review of the Commissioner's final decision to deny his application for Social Security Disability benefits and Supplemental Security Income benefits. [R. 1]. A little less than a year later, on April 20, 2022, the Commissioner filed an Unopposed Motion to Remand for Further Proceedings. [R. 21]. The Court granted the motion and entered Judgment, reversing the Commissioner's final decision, and remanding the case back to the agency for further consideration. [R. 22; R. 23]. Subsequently, on July 12, 2022, Whitaker, through his attorney, Melissa Palmer ("Attorney Palmer"), timely filed the instant Motion for Attorney Fees pursuant to the EAJA. [R. 24; R. 25].

Whitaker requests $4,295.79 for 23.3 hours billed in this case. [R. 24, p. 1]. The hours consist of 17.2 hours of attorney work (at a rate of $214.29 per hour) and 6.1 hours of paralegal work (at a rate of $100 per hour). *See* [R. 25–5, Ex. E (Attorney); R. 25–6, Ex. F (Paralegal); R. 26, p. 1]. The Commissioner timely responded, objecting to Whitaker's claimed amount on the grounds that it is unreasonable. [R. 26]. Whitaker replied, [R. 27]. The Motion is now ripe for review.

## II.     Analysis

The EAJA mandates an award for attorney fees and expenses to a prevailing party "brought by or against the United States … unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party who obtains a Sentence Four remand in a Social Security case is deemed the prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets [the prevailing party] description."). Accordingly, and over no contest by the Commissioner, Whitaker is deemed the prevailing party. *See* [R. 23; R. 26, p. 1 ("The Commissioner agrees that Plaintiff is the prevailing party[.]")].

Further, in her Response, the Commissioner does not raise a substantial justification argument or dispute the hourly rate charged by Attorney Palmer. *See* [R. 26]. Rather, the Commissioner solely argues that the hours billed are unreasonable. *Id.* at 1 ("[T]he Commissioner respectfully submits that the number of requested hours i[s] unreasonable."); *see also* 28 U.S.C. § 2412(b) (requiring that courts only award "reasonable" fees). In determining whether the billed hours are reasonable under the EAJA, the Court has broad discretion. *See Teasley v. Saul*, No. 3:19–cv–01106, 2021 U.S. Dist. LEXIS 256565, at *4 (M.D. Tenn. June 16, 2021) (citing *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014)) ("A district

court has broad discretion in determining whether fees should be awarded under the EAJA."); *see also* 28 U.S.C. §§ 2412(d)(1)(A), (C).

### A. Attorney Work

With regard to the hours billed by Attorney Palmer, the Commissioner argues that the 17.2 hours should be reduced to 16.5 hours because Whitaker's monetary request includes 0.7 hours of clerical work,[1] which is not compensable under the EAJA. [R. 26, pp. 2–3]. In support of her argument, the Commissioner cites to *Buchanan v. Colvin,* No. 13–133–ART, 2014 U.S. Dist. LEXIS 185609, at *2 (E.D. Ky. Oct. 14, 2014), *aff'd*, 616 F. App'x 208 (6th Cir. 2015). *Id.* at 3. In *Buchanan*, the attorney spent a total of 1.2 hours receiving and reviewing the government's Notice of Appearance, reviewing the completed Summons, and receiving the Court's briefing schedule. 2014 U.S. Dist. LEXIS 185609, at *2. The Commissioner argued that the 1.2 hours should not be included in the attorney's billable hours because the tasks were either clerical or completed in an excessive amount of time. *Id.* While the court did agree that the listed tasks were clerical, it, ultimately, declined to follow the ordinary rule of not "nitpick[ing] counsel's billing" because it found that the 1.2 hours were unreasonably excessive. *Id.* Specifically, the court found it unreasonable that counsel spent 72 minutes reviewing 15 pages of administrative documents (at a rate of about 5 minutes per page), but only 10 hours reviewing a 727-page record (at a rough rate of 50 seconds per page). *Id.* Importantly, the court did not base

---

[1] The Court notes that the Commissioner's identification of the entries to which she objects was not entirely clear. The Commissioner provided a somewhat vague list of entries and then generally cited to Attorney Palmer's record, which consists of 37 individual entries. *See* [R. 26, pp. 2–3 ("Plaintiff requests .7 hours for reviewing 7 various notices or brief filings including ECF notices of the summons, the standard scheduling order, and Court orders … (*see* ECF 25-5, at 2-3).")]. Such lack of specificity, alone, is sufficient for the Court to deny the Commissioner's objections. *See Dowsing v. Berryhill*, No. 2:14–cv–02675–cgc, 2019 U.S. Dist. LEXIS 2522, at *4 (W.D. Tenn. Jan. 7, 2019) (rejecting the Commissioner's clerical argument because the Commissioner failed to specify which entries she objected to). However, because the Commissioner provided enough information for the Court to glean which entries she disputes, the Court will continue its analysis. Nonetheless, the Commissioner is advised to object with more specificity in the future.

its holding on the clerical nature of the attorney's work. In fact, relying on its broad discretion, the court overruled the Commissioner's objections "to the alleged clerical nature of time spent reviewing court orders" because "the activities could reasonably have required legal skill[.]" *Id.* The Court declines to conclude differently here for several reasons.

First, Attorney Palmer spent the contested 0.7 hours reviewing several Court orders. *See* [R. 25–5, Ex. E (Entries: 06/18/2021; 07/08/2021; 08/20/2021; 10/21/2021; 12/15/2021; 03/18/2022; 04/22/2022)]. Thus, due to the possible legal skill required to conduct such a review, the Court declines to reduce Attorney Palmer's hours by 0.7 hours. *See Buchanan*, 2014 U.S. Dist. LEXIS 185609, at *2; *see also Dowsing*, 2019 U.S. Dist. LEXIS 2522, at *4 (where the court determined that clerical tasks, such as reviewing court orders, was reasonable because "they may … be reasonably handled by an attorney to guarantee the case is proceeding appropriately and no deadlines are missed or requirements neglected."); *Campbell v. Comm'r of Soc. Sec.*, No. 3:13–cv–376, 2015 U.S. Dist. LEXIS 140565, at *8 (S.D. Ohio Oct. 15, 2015) ("Additionally, '[c]are must be taken so that compensation for tasks such as reviewing communications from the court, monitoring the docket, and filing briefs – work traditionally done by attorneys – not be denied.'") (citation omitted).

Second, the Court does not find that the 0.7 hours billed are excessive. While the Commissioner hints as much, her argument is entirely underdeveloped. *See* [R. 26, p. 3]. Accordingly, the Court deems the argument waived, and thus, is not required to address it. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues … unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court … to put flesh on its bones.") (citation omitted). Nonetheless, the Court finds the time it took Attorney Palmer to review the

Court's orders to be reasonable. The Court orders listed in Attorney Palmer's records, in total, consist of 26 pages. *See* [R. 25–5, Ex. E (Entries: 06/18/2021; 07/08/2021; 08/20/2021; 10/21/2021; 12/15/2021; 03/18/2022; 04/22/2022)]; *see also* [R. 7 (3 pages); R. 9 (6 pages); R. 10 (9 pages); R. 14 (4 pages); R. 16 (1 page); R 19 (1 page); R. 22 (2 pages)]. That means that Attorney Palmer spent 42 minutes (or 0.7 hours) reviewing 26 pages at a rate of about 1.6 minutes per page. That is a far cry from the 72 minutes the attorney took to review 15 pages, at a rate of 5 minutes per page, in *Buchanan*. 2014 U.S. Dist. LEXIS 185609, at *2.

Lastly, the Court finds no reason to distrust Attorney Palmer's delegation of her time and duties. In fact, in her Reply, she contends that she "exercised appropriate billing judgment" by only billing for time spent on reviewing seven orders even though the case's docket had "21 different ECF notices and orders." [R. 27, p. 1]. The Court agrees — especially since Attorney Palmer received a favorable outcome for her client, Whitaker. *See* [R. 22; R. 23]; *see also Campbell*, 2015 U.S. Dist. LEXIS 140565, at *11 (where the court relied upon counsel's delegation of time and duties and concluded that it was "generally disinclined" to second-guess counsel's judgment since the client was "successfully represented and achieved a favorable outcome"). Thus, for all the reasons just stated, the Court declines to reduce Attorney Palmer's hours by 0.7 hours. Instead, the Court finds 17.2 hours billed for attorney work reasonable under the EAJA.

### B. Paralegal Work

In total, Whitaker is seeking fees for 6.1 hours of paralegal work at a rate of $100 per hour (for a total of $610). *See* [R. 25–6, Ex. F (Paralegal Work)]. The Commissioner argues that the hours billed should be reduced by 2.4 hours because such time "was spent on clerical tasks that are not compensable under the EAJA." [R. 26, p. 3]. Specifically, the Commissioner objects

to the following tasks: (1) 0.6 hours for receiving, reviewing, and processing files from the referral source; (2) 0.6 hours downloading and combining files, performing optical character recognition ("OCR"), and live-bookmarking PDF documents; (3) 0.3 hours for referral source correspondence; and (4) 0.9 hours for reviewing EAJA time slip and exhibits and finalizing the EAJA motion. *Id.*

Paralegal and legal assistant fees are recoverable under the EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) ("EAJA … must be interpreted as using the term 'attorney … fees' to reach fees for paralegal services as well as compensation for the attorney's personal labor."). However, recovery of such fees is only possible "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." *Jarvis v. Comm'r of Soc. Sec.*, No. 1:07–cv–450, 2008 U.S. Dist. LEXIS 113567, at *6 (W.D. Mich. Jan. 8, 2008) (quoting *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002)); *see also Byland v. Comm'r of Soc. Sec.*, No. 5:11–cv–75, 2013 U.S. Dist. LEXIS 142132, at *22–23 (N.D. Ohio Feb. 27, 2013). In other words, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Echols v. Express Auto, Inc.*, 857 F. App'x 224, 229 (6th Cir. 2021) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)).

Whitaker concedes the second objection, which challenged "the time spent preparing the administrative record." [R. 27, p. 4]. Accordingly, the Court will not address it, but reduce the requested paralegal fees by 0.6 hours ($60). *Id.* As to the first and third objections, the Court agrees with the Commissioner that paralegal communications with a referral source are not compensable under the EAJA. *See Zupp v. Comm'r of Soc. Sec.*, No. 2:14–cv–2545, 2016 U.S. Dist. LEXIS 200337, at *6 (S.D. Ohio Aug. 16, 2016) ("Drafting a letter to a referral source … does not involve legal knowledge."); *Michelle G. v. Kilolo Kijakazi*, No. 4:20–cv–00640, 2022

U.S. Dist. LEXIS 3362, at *6 (S.D. Tex. Jan. 6, 2022) (where the court reduced the plaintiff's requested paralegal hours because "processing the files from the referral source and sending the case back to the referral source … [and] communicat[ing] with the referral source" was not compensable under the EAJA.); *Miller v. Colvin*, No. 3:15–cv–501, 2016 U.S. Dist. LEXIS 20526, at *3 (M.D. Pa. Feb. 19, 2016) ("The Court concludes that all correspondence generated to or for the 'referral source' had no real connection to advancing Plaintiff's cause and are, thus, non-compensable."). As a result, the Court will reduce the billed paralegal hours by 0.9 hours (0.6 + 0.3), which totals $90 (0.9 x 100). However, the Court disagrees with the Commissioner's fourth objection; instead, it finds the remaining 0.9 hours to be compensable under the EAJA because they were spent preparing and finalizing Whitaker's Motion for Attorney Fees. *See Teeter v. Comm'r of Soc. Sec.*, No. 1:11–cv–2376, 2013 U.S. Dist. LEXIS 133417, at *17 (N.D. Ohio Aug. 22, 2013) ("[A]ctually preparing and filing submissions to the court or communicating with the court are compensable as traditional attorney functions."); *Jordan v. Comm'r of Soc. Sec.*, No. 1:17–cv–33, 2017 U.S. Dist. LEXIS 207499, at *6 (N.D. Ohio Dec. 18, 2017) (finding the paralegal's preparation of the EAJA fee request compensable); *Shedd v. Kijakazi*, No. 3:20–cv–119–CLC–HBG, 2021 U.S. Dist. LEXIS 195006, at *7–8 (E.D. Tenn. Sept. 20, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 194106 (E.D. Tenn. Oct. 7, 2021) (same). Accordingly, the total paralegal hours compensable under the EAJA in this case is 4.6 hours (6.1 – (0.6 + 0.6 + 0.3)), which totals $460 (4.6 x 100).

### C. Supplemental Request for Fees

The EAJA "provide[s] compensation for *all* aspects of fee litigation," including the time spent to prepare and defend the fee application. *Comm'r v. Jean*, 496 U.S. 154, 162 (1990) (emphasis added). Here, Attorney Palmer requests that the Court supplement her billing with an

additional 4.4 hours to reflect the time spent drafting her Reply in support of the fee motion. *See* [R. 27, p. 4]. The Court finds this request both appropriate and reasonable under the EAJA. Accordingly, Attorney Palmer's billing shall be increased by 4.4 hours at a rate of $214.29 per hour, totaling $942.88. *Id.*

### D.  Summary and Disposition of Fees

In sum, Attorney Palmer's work of 21.6 hours totals $4,628.66 and counsel's paralegal's work of 4.6 hours totals $460. Thus, the total amount of fees due is $5,088.66. However, the fees are to be awarded to Whitaker, not Attorney Palmer. *See Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). If the U.S. Department of the Treasury determines that Whitaker's EAJA fees, expenses, and costs are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made payable to Whitaker's attorney, Melissa Palmer, at 250 South Clinton Street, Suite 210, Syracuse, NY 13202. *See* [R. 25–7, Ex. G (Affirmation and Waiver of Direct Payment of EAJA Fees)].

### III.  Conclusion

For reasons stated above, and with the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff Timothy L. Whitaker's Motion for Attorney Fees **[R. 24]** is **GRANTED in part** and **DENIED in part**.

2. Plaintiff Whitaker is **AWARDED** an EAJA fee in the amount of $5,088.66 pursuant to 28 U.S.C. § 2412.

    This the 17th day of August, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY